IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Pamela Goodine, ) | C/A No. 8:19-cv-1701-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Robert Bosch, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Defendant Robert Bosch, LLC's Motion for Summary Judgment. ECF No. 53. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling and a Report and Recommendation ("Report"). On January 19, 2021, the Magistrate Judge issued a Report recommending that the Motion be denied. ECF No. 62. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Both Plaintiff and Defendant filed objections. ECF Nos. 66, 67.

## **BACKGROUND**

This case arises from Defendant's termination of Plaintiff's employment on January 11, 2019. *See* ECF No. 53-1 at 6. Defendant operates a manufacturing plant in Anderson, South Carolina, which uses a staffing company, Human Technologies, Inc. ("HTI"), for hiring employees as production technicians at the plant. ECF Nos. 55 at 4; 55-2 at 4. Employees hired through HTI are initially placed on HTI's payroll, and after six

months of satisfactory performance, they may be converted to Defendant's payroll.  ECF No. 55-2 at 10–11.

HTI hired Plaintiff to work as a planar operator at Defendant's Anderson plant in August 2017, and in May 2018, one of Defendant's managers approached Plaintiff on the production floor and congratulated her on becoming Defendant's employee.  ECF Nos. 55-3 at 2; 55-8 at 1.  The manager instructed Plaintiff to report to the HTI office to complete an employment application.  ECF No. 55-8 at 1.  Plaintiff contends that the HTI representative urged her to fill out her application quickly so that she could get to the drug testing facility before it closed for the day.  ECF No. 55-3 at 41.  It is undisputed that Plaintiff failed to provide fully accurate information regarding dates and former employers in the employment history section of her application.  ECF Nos. 53 at 1; 55 at 6.

At all relevant times, Plaintiff was suffering from serious health conditions, and after she had an incident at home, her health care provider informed her that she could not perform her job duties for one month.  ECF Nos. 53 at 7; 55-3 at 7, 22; 58-2 at 33.  Consequently, on October 31, 2018, Plaintiff requested leave pursuant to the Family and Medical Leave Act ("FMLA"), which grants eligible employees up to twelve workweeks of protected leave for "a serious health condition that makes the employee unable to perform the functions" of her job.  ECF No. 53-2 at 4; 29 U.S.C. § 2612(a)(1)(D).  Her request was approved for October 30, 2018, through November 30, 2018.  ECF No. 53-2 at 4.  On December 3, 2018, Plaintiff requested and received additional leave from December 1, 2018, through January 2, 2019.  *Id.* at 4–5.

In mid-December 2018, Plaintiff's supervisor contacted Defendant's senior human resources partner and inquired as to when Plaintiff would be released to return to work.

*Id.* at 5. The supervisor indicated that one of Plaintiff's friends told him she was working at Hampton Inn while out on leave. ECF No. 53-2 at 5. During an investigation into the matter, Plaintiff advised she had not worked at Hampton Inn in over a year; Hampton Inn confirmed that Plaintiff had worked there from May 2016 until December 2017, with her employment ending approximately five months prior to submitting her employment application with Defendant. ECF Nos. 53 at 10; 53-2 at 7.

Defendant's senior human resources partner also asked Plaintiff whether she would be able to return to work at the end of her FMLA leave, and Plaintiff responded that she had an appointment with her health care provider scheduled for January 2, 2019, and could inform her of her return-to-work date following this appointment. ECF No. 53-2 at 5. Defendant contends Plaintiff never requested additional leave after it expired on January 2, 2019. ECF No. 53 at 3. Nevertheless, Defendant extended her leave, without request, through January 10, 2019. *Id.* at 3 n.1. Plaintiff, however, submits that she attempted to contact Defendant's senior HR partner numerous times to extend her leave beyond January 2, 2019, but her messages were not returned. ECF No. 55-8 at 1.

Defendant claims Plaintiff made affirmative misrepresentations regarding her return-to-work date and that she intentionally withheld the fact that her health care provider told her on January 2, 2019, that she would not be released to return to work until February 4, 2019. ECF No. 53 at 26–27. However, when Defendant's senior human resources partner called Plaintiff on January 3, 2019, Plaintiff submits she told her that she did not know whether and when she could return to work. ECF No. 53-2 at 6. Plaintiff also presented evidence challenging whether her health care provider in fact informed her of a February 4, 2019, return-to-work date, testifying she was only told that her leave

3

would need to be extended. ECF No. 55-3 at 25. Indeed, her health care provider testified Plaintiff was released to return to work on January 22, 2019. ECF No. 53-5 at 24.

During the above-referenced investigation, Defendant discovered Plaintiff inaccurately listed Hampton Inn as her employer from May 2017 through "current" and neglected to list HTI as a former employer on Defendant's employment application. ECF No. 55-11 at 3. Defendant's senior HR partner reported these errors to Defendant's HR manager and contacted Plaintiff regarding the alleged falsifications. ECF No. 53-2 at 8. Defendant contends Plaintiff gave no explanation for the misrepresentations or omissions, but Plaintiff alleges she stated that any error in her application was an accident and was not done maliciously. ECF Nos. 53-1 at 5; 55-3 at 31. Defendant subsequently terminated Plaintiff's employment, effective January 11, 2019.[1] ECF No. 53-1 at 6. Defendant claims that it has a policy of terminating any employee who falsifies her job application, while Plaintiff contends Defendant's policies do not require termination for innocent errors made on a job application. ECF Nos. 53-1 at 6; 55 at 15–17. Plaintiff received a termination letter from Defendant, which indicated the following reasons for her discharge from employment: (1) there was a report that Plaintiff was working elsewhere while on leave; (2) Plaintiff misstated dates that she worked at Hampton Inn; and (3) Plaintiff failed to disclose that she worked for HTI. ECF No. 55-28.

---

[1] Following her termination, Plaintiff ostensibly communicated an inability to work to her friend via text message in April 2019, which Defendant used as further support for its termination of Plaintiff's employment. See ECF No. 53 at 13. However, Plaintiff explained that she was referring to her inability to work due to a different upcoming surgery, not her condition since January 2019. ECF No. 55 at 24–25.

4

Plaintiff filed a second amended complaint in this Court on September 14, 2020, asserting claims of interference and retaliation in violation of the FMLA, 29 U.S.C. § 2615(a)(1)–(2), and a cause of action for discrimination in violation of the Americans with Disabilities Act ("ADA").  ECF No. 52.  Defendant filed a Motion for Summary Judgment on October 14, 2020, and Plaintiff filed a Response in Opposition on October 19, 2020.  ECF Nos. 53, 55.  The Magistrate Judge issued a Report on January 19, 2021, recommending this Court deny Defendant's Motion in its entirety.  ECF No. 62.  Both Plaintiff and Defendant filed objections to the Report.  ECF Nos. 66, 67.

### **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

**DISCUSSION**

*I. FMLA Interference*

Following her termination from employment, Plaintiff brought an FMLA interference claim, alleging Defendant

> has interfered with, restrained against, and/or denied Plaintiff's exercise of or her attempt to exercise, rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1), including the taking of leave and the requesting of additional leave and terminated Plaintiff's employment because Plaintiff took leave and/or used the Plaintiff's taking of leave as a negative factor in making the decision to terminate employment.

ECF No. 52 at 4. The Magistrate Judge recommends that Defendant's Motion for Summary Judgment be denied on Plaintiff's FMLA interference claim because genuine issues of material fact exist as to (1) whether Plaintiff requested FMLA leave beyond January 2, 2019; (2) whether Plaintiff affirmatively misled Defendant regarding her potential return-to-work date; and (3) whether Plaintiff was able to return to work following the expiration of the 12-week leave period. For the reasons set forth below, the Court agrees with the Magistrate Judge's recommendation.

*Plaintiff's Objections*[2]

Plaintiff objects to the Magistrate Judge's holding that her FMLA interference claim should be analyzed using the three-part test set forth in *Adams v. Anne Arundel County Public Schools*, 789 F.3d. 422 (4th Cir. 2015), rather than applying the "negative factor causation standard" as set forth in 29 C.F.R. § 825.220(c). In support of her argument,

---

[2] Plaintiff's objections one through three contest the Magistrate Judge's recitation of certain facts. ECF No. 67 at 1–2. As explained in further detail below, the Court agrees with the Magistrate Judge that genuine issues of material fact exist which prevents the grant of summary judgment on Plaintiff's claims. Therefore, the disputed facts create an issue for the jury.

Plaintiff relies on the Fourth Circuit's recent decision in *Fry v. Rand Construction Corporation*, 964 F.3d 239 (4th Cir. 2020). In that case, the plaintiff argued the regulation dictated that FMLA retaliation claims under 29 U.S.C. § 2615(a)(2) "require only negative-factor causation." *Id.* at 245. However, the Fourth Circuit declined to resolve the issue because the plaintiff relied on the *McDonnell Douglas* framework to establish her claim, holding "she bears the 'ultimate burden of persuading the court that she has been the victim of intentional retaliation.'" *Id.* at 246. Because the *Fry* court did not address the issue Plaintiff raises here, and Plaintiff failed to identify any case law applying the "negative factor causation" standard, the Magistrate Judge declined to adopt the standard and instead held that *Adams* applied based on the Fourth Circuit's binding precedent. *See Adams*, 789 F.3d at 427 (outlining the three elements that a plaintiff must prove to establish an FMLA interference claim (citing *Ragsdale v. Wolverine World Wide*, 535 U.S. 81, 89 (2002))).

The Court notes that, in her Response in Opposition to Defendant's Motion, Plaintiff argues, in the alternative, that her FMLA interference claim survives summary judgment under the *McDonnell Douglas* framework. ECF No. 55 at 23. The Magistrate Judge acknowledged in footnote six of the Report that the Fourth Circuit noted in dicta in *Fry* that the framework could apply in either retaliation or interference claims under the FMLA. *See Fry*, 964 F.3d at 244 ("In both contexts, a plaintiff can either (1) produce direct and indirect evidence of retaliatory animus or (2) 'demonstrate intent by circumstantial evidence, which we evaluate under the framework established for Title VII cases in *McDonnell Douglas*.'" (quoting *Waag v. Sotera Defense Solutions, Inc.*, 857 F.3d 179, 191 (4th Cir. 2017))). However, Defendant contends Plaintiff's objection regarding the

7

applicability of *Fry* to FMLA interference claims should be overruled because the Magistrate Judge was not required to follow dicta.

The Magistrate Judge declined to hold the *McDonnell Douglas* framework applies to Plaintiff's interference claim because employer intent is irrelevant to such claims, and courts in this circuit have consistently applied *Adams* in these cases. *See Sharif v. United Airlines*, 841 F.3d 199, 2013 (4th Cir. 2016) ("Unlike prescriptive entitlement or interference claims, employer intent [in proscriptive claims] is relevant."); *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 546 (4th Cir. 2006) (characterizing violations of prescriptive rights as interference claims and violations of proscriptive rights as retaliation claims). The Court agrees with the Magistrate Judge's determination and holds the three-part test set forth in *Adams* is the proper standard under which Plaintiff's FMLA interference claim should be analyzed.[3] Accordingly, Plaintiff's objection is overruled, and Defendant's Motion for Summary Judgment on Plaintiff's FMLA interference claim is denied.

## II. FMLA Retaliation

In Plaintiff's FMLA retaliation claim, she alleges Defendant "discharged and discriminated against [her] for exercising her rights under the FMLA in violation of 29 U.S.C. § 2615(a)(2)." ECF No. 52 at 5. The Magistrate Judge recommends that summary judgment be denied as to Plaintiff's FMLA retaliation claim because a genuine issue of material fact exists as to whether Defendant's proffered explanation for terminating Plaintiff's employment is pretext for FMLA retaliation. Defendant maintains Plaintiff was

---

[3] Except as specifically noted in footnote five of this Order, Defendant does not object to the portion of the Report concerning Plaintiff's FMLA interference claim.

terminated because she made misrepresentations on her employment application in violation of Defendant's policy.

In the Report, the Magistrate Judge noted Plaintiff testified that she was unaware she was going to fill out an employment application on that day, was hurried through the application, and misstated the dates of her employment at Hampton Inn by about five months.  Notably, however, she did accurately indicate that Hampton Inn was her most recent employer when beginning work at Defendant's plant.  Although she also neglected to include HTI as her employer while provisionally working for Defendant on its production floor, the Magistrate Judge nevertheless acknowledged Defendant's obvious awareness of Plaintiff's employment by HTI, as HTI is the staffing company that Defendant uses for hiring, and Defendant used the company to hire Plaintiff.  In the Magistrate Judge's view, these minor inaccuracies, coupled with the fact that Defendant terminated Plaintiff shortly after her request for additional leave, undermine Defendant's proffered reason for terminating Plaintiff's employment.  Therefore, the Magistrate Judge determined a genuine issue of material fact exists as to whether Defendant's explanation was pretext for Plaintiff's discharge.

### *Defendant's Objections*

Defendant objects to the Magistrate Judge's holding that there is a genuine issue of material fact as to whether its stated legitimate, nonretaliatory reason for termination is pretextual, arguing he evaluated Defendant's employment decision from the perspective of a "super-personnel department."  See *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) ("[T]his Court 'does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment

discrimination . . . .'"). Defendant emphasizes the Magistrate Judge found it is undisputed that Plaintiff did not provide fully accurate information regarding dates and former employers on her employment application. Despite this determination, however, Defendant claims the Magistrate Judge evaluated the seriousness of Plaintiff's violation by characterizing the errors in her application as "innocent" rather than determining whether Plaintiff was terminated for a violation of Defendant's policy. Defendant further contends that it presented evidence of other employees who were also terminated from their employment for providing false information on their employment application.

In contrast, Plaintiff argues the Magistrate Judge correctly found a genuine issue of material fact exists as to whether Defendant's proffered reason for terminating her employment was pretext for FMLA retaliation. Specifically, Plaintiff claims the errors she made in her employment application during a hurried process did not violate Defendant's policy. As a result, Plaintiff contends the Magistrate Judge properly considered these circumstances in evaluating whether Defendant's explanation for terminating Plaintiff was pretextual. *See, e.g.*, *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 728 n.4 (4th Cir. 2019) (noting the defendant's explanation for terminating the plaintiff was "unworthy of credence" and therefore "probative of intentional discrimination" (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000))).

As indicated above, Defendant's termination letter cited three reasons for Plaintiff's discharge. First, as to the claim she was working elsewhere while on leave, that charge was proven false by the dates of employment provided by Hampton Inn. Second, as to Plaintiff's inaccurate statement of the dates she previously worked at Hampton Inn, while the word "current" as the end date was certainly erroneous, Plaintiff was accurate in that

Hampton Inn was her last employer at the time she began work at Defendant's plant. Third, and finally, Plaintiff failed to list her employment with HTI, but since HTI was Defendant's staffing company which hired all of Defendant's production technicians, it could easily be inferred that this was not a material omission. Under these facts, a reasonable juror could find that these errors were not falsifications or material misrepresentations in violation of Defendant's policy. Accordingly, the Court agrees with the Magistrate Judge that a genuine issue of material fact exists as to whether Defendant's proffered explanation for terminating Plaintiff was pretext for FMLA retaliation.

Defendant further contends the Magistrate Judge erred in holding Plaintiff presented sufficient evidence of causation to survive summary judgment on her FMLA retaliation claim. Specifically, Defendant claims the Magistrate Judge relied solely on temporal proximity between Plaintiff's request for additional leave (either in December 2018 or January 2019) and Defendant's termination of her employment in finding a genuine issue of material fact exists as to whether Defendant's proffered explanation was pretextual. However, Plaintiff argues the Magistrate Judge did not make any finding that temporal proximity alone proved pretext. Instead, in Plaintiff's view, the Magistrate Judge's reference to temporal proximity indicated only that such evidence may be used to establish a prima facie case. The Court agrees with Plaintiff that the Magistrate Judge found the temporal proximity between the protected activity and the adverse employment action was sufficiently close to establish the causation element of her prima facie case of FMLA retaliation. Upon de novo review of the record and the applicable law, the Court

agrees with the Magistrate Judge's finding.[4]  Accordingly, Defendant's objections are overruled, and Defendant's Motion for Summary Judgment on Plaintiff's FMLA retaliation claim is denied.

### III. ADA Discrimination

In her claim of discrimination in violation of the ADA, Plaintiff alleges Defendant

> discriminated against and terminated [her] employment on the basis of her disabilities, they limited, segregated, and classified [her] in a way that adversely affected her opportunities because of one or more disabilities, and they failed to make any reasonable accommodation to [her] known physical limitations or to even engage in the interactive process.

ECF No. 52 at 5–6.  The Magistrate Judge recommends that summary judgment be denied on Plaintiff's ADA discrimination claim because a genuine issue of material fact exists as to whether Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.  The Magistrate Judge further bases his recommendation on the disputes of fact previously discussed—whether Plaintiff requested additional leave beyond January 2, 2019; the date Plaintiff was released to return to work; her ability to return to work; and whether Defendant's proffered reason for discharge is pretext for Plaintiff's termination.

---

[4] The Court notes the Magistrate Judge considered temporal proximity, in conjunction with other factors, in finding a genuine issue of material fact exists as to whether Defendant's proffered explanation for terminating Plaintiff's employment was pretext for retaliation.  *See* ECF No. 62 at 13 ("Termination for these minor inaccuracies, *coupled with the fact that Bosch terminated the plaintiff shortly after her request for additional leave*, undermines Bosch's proffered reason for the plaintiff's termination from employment.") (emphasis added).  However, the Court overrules Defendant's objection because temporal proximity was not the sole basis for the Magistrate Judge's finding.  Indeed, as previously discussed, other factual disputes exist to support the Magistrate Judge's recommendation to deny Defendant's Motion for Summary Judgment on Plaintiff's FMLA retaliation claim.

*Defendant's Objections*

Defendant objects to the Magistrate Judge's evaluation of Plaintiff's ability to perform the essential functions of her job as of a potential expiration-of-leave date of January 22, 2019, rather than her date of discharge, January 11, 2019. As explained above and in more detail by the Magistrate Judge in his Report, a genuine issue of material fact exists as to whether Plaintiff attempted to extend her leave prior to her discharge from employment. Even if January 22, 2019, was the appropriate date for making this determination, Defendant claims there is no evidence in the record to support Plaintiff's contention that she could perform the essential functions of her job as of that date. However, as noted above, Plaintiff's treating health care provider testified that Plaintiff was released to return to work as of January 22, 2019. ECF No. 53-5 at 24.

For the reasons discussed above, as well as those set forth in the Report, the Court agrees with the Magistrate Judge that genuine issues of material fact exist regarding Plaintiff's ability to perform the essential functions of her job with a reasonable accommodation. Accordingly, Defendant's objection is overruled, and Defendant's Motion for Summary Judgment on Plaintiff's ADA discrimination claim is denied.[5]

---

[5] Defendant also objects to the Magistrate Judge's reliance on Plaintiff's "uncorroborated" testimony in denying its Motion for Summary Judgment on all of Plaintiff's claims. Specifically, Defendant argues that Plaintiff's testimony regarding her attempts to contact Defendant's senior human resources partner to request additional FMLA leave and that her messages were unreturned is "uncorroborated" and insufficient to survive summary judgment. Plaintiff's testimony was sworn testimony taken during a deposition and is, therefore, competent evidence for the Court's consideration. *See* Fed. R. Civ. P. 56(c)(1)(A) (noting a party may support an assertion on summary judgment through deposition testimony). Moreover, lack of corroboration does not preclude the denial of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."); *EEOC v. Warfield-Rohr Casket Co.*, 364 F.3d 160, 164 (4th Cir.

13

## **CONCLUSION**

For the reasons set forth above, the Court **OVERRULES** Defendant's Objections [66] and Plaintiff's Objections [67] and **ADOPTS** the Report [62]. Accordingly, Defendant's Motion for Summary Judgment [53] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 23, 2021
Spartanburg, South Carolina

---

2004) ("Lack of corroboration relates only to the credibility and weight of the evidence, which are issues for the jury[.]").